REICH REICH & REICH, P.C.
Attorneys for Debtor Second Southern
Baptist Church of New York
235 Main Street, Suite 450
White Plains, NY 10601
(914) 949-2126
By: Lawrence R. Reich
    lreich@reichpc.com
    Nicholas A. Pasalides
    npasalides@reichpc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

    SECOND SOUTHERN BAPTIST
    CHURCH OF NEW YORK,

                  Debtor.
-----------------------------------------------------------X
SECOND SOUTHERN BAPTIST CHURCH
OF NEW YORK,

                  Plaintiff,

- against -


LARRY MAY,

                  Defendant.
-----------------------------------------------------------X

Chapter 11

Case No. 15-12509(SHL)

Adv. Proc. No.

## COMPLAINT

    Second Southern Baptist Church of New York, by and through its attorneys, Reich Reich & Reich, P.C., as and for its complaint seeking to avoid an unauthorized post-petition transfer pursuant to 11 U.S.C. § 549(a) and 11 U.S.C. § 362(a)(4) respectfully alleges the following:

## THE PARTIES

    1.    Second Southern Baptist Church ("Debtor," "Debtor-in-Possession," or "Plaintiff") is a New York religious corporation which owns certain real property located in

1

Bronx County, New York, with street addresses of 1340 Edward L. Grant Highway, 59A West 170th Street, 53-59 West 170th Street, 53-59 West 170th Street, 1372A Jessup Avenue, Bronx, New York (the "Property").

2. Larry May (the "Defendant") is an individual who upon information and belief currently resides at 1345 Shakespeare Avenue Bronx, New York 10452.

## JURISDICTION AND VENUE

3. On or about September 9, 2015 the Debtor filed a voluntary petition of reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Code").

4. The Debtor continues to remain in possession of the Property and management of its business affairs as a Debtor in Possession pursuant to Sections 1107 and 1108 of the Code.

5. This proceeding is a "core" proceeding pursuant to 28 USC §157 (b)(2)(k).

6. This court has jurisdiction over the instant case pursuant to 28 USC § 157 and 1334 and 11 USC § 549.

7. Venue is proper pursuant to 28 USC § 1409.

## ALLEGATIONS

8. The Debtor brings this Complaint in its capacity as representative of the estate pursuant Code § 323 and as a statutory trustee pursuant to Code § 1107(a).

9. In or about April of 2009 the Defendant commenced an action against the Plaintiff in the Supreme Court of the State of New York, Bronx County bearing Index Number 300768/2009 (the "State Court Action") asserting a claim for an alleged trip and fall at the Property.

10. Upon information and belief at the time the State Court Action was commenced the Defendant was represented by the Law Offices of Joel L. Getreu P.C., having an address at 132 Nassau Street, Suite 310 New York, New York 10038 (the "Getreu Firm")

11. Upon information and belief the Summons and Complaint in the State Court Action were alleged to have been served upon Aisha Thomas, a relative of one of the trustees of the Plaintiff and not a person capable of accepting service on behalf of the Plaintiff.

12. Upon information and belief the Plaintiff was never informed about the State Court Action and as a result failed to appear or otherwise respond to the Summons and Complaint.

13. On or about September 22, 2009 the Getreu Firm filed a motion seeking the entry of a default judgement against the Plaintiff. On or about April 5, 2010 the Bronx County Supreme Court entered a default judgment order (the "Default Judgement Order") against the Plaintiff.

14. Upon information and belief sometime after the entry of the Default Judgment Order the Getreu Firm was substituted as attorneys for the Defendant by the Firm of Paris & Chaikin, 14 Penn Plaza Suite 2202, New York, New York 10122 (the "Paris Firm") in the State Court Action.

15. On or about April 26, 2016, the State Court Action was the subject of an inquest as to the scope of Defendant's damages before the Honorable Donna Mills, Justice of the Supreme Court, Bronx County ("Justice Mills"). At the inquest, the attorney appearing for the Paris Firm averred that notice of the inquest proceeding was served upon the Plaintiff but no proof of service was proffered.

16. On or about January 31, 2017 the Defendant filed an Amended Notice of Settlement stating that judgment would be presented for signature on February 21, 2017 before Justice Mills. Despite the affirmation of service stating that the Amended Notice of Settlement was served, Plaintiff never received a copy of same.

17. Thereafter, on or about February 27, 2017 a default judgment (the "Judgement") was entered by the Bronx County Clerk against the Plaintiff in the amount of $5,208,562.62. The Judgment became a lien against the Property by operation of law once it was docketed with the Judgment Department of Bronx County on March 1, 2017.

18. The Plaintiff has made a demand on the Paris Firm, Defendant's attorneys, to vacate the Judgement as it was docketed after the filing of the Plaintiff's bankruptcy case. To date the Judgement has not been vacated as demanded.

19. This Complaint seeks to avoid the Judgement pursuant to Code § 549(a) and §362(a)(4).

FIRST CAUSE OF ACTION
(AVOIDANCE PURSUANT TO CODE § 549(a))

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 with equal force and effect as if set forth at length herein.

21. Section 549(a) of the Code provides in pertinent part: ". . . the trustee may avoid a transfer of property of the estate − (1) that occurs after the commencement of the case; and . . . (B) that is not authorized under this title or by the court."

22. Section 101(54)(A) of the Code provides in pertinent part: ". . . the term transfer includes- the creation of a lien."

23. After its bankruptcy petition was filed, the Defendant docketed the Judgement against the Plaintiff which created a lien against the Plaintiff's Property within the definition of

4

Code § 101(54)(A). Such action was not authorized by Title 11 of the Code and was undertaken by Defendant without Bankruptcy Court authorization and, therefore, was in violation of Code. §549(a) and subject to avoidance.

SECOND CAUSE OF ACTION
(AVOIDANCE PURSUANT TO CODE § 362)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 with equal force and effect as if set forth at length herein.

25. Section 362(a)(4) of the Code provides in pertinent part that: "a voluntary petition filed under Bankruptcy Section 301 operates as a stay, applicable to all entities, of any act to create, perfect, or enforce any lien against property of the estate."

26. After Plaintiff's bankruptcy petition was filed, the Defendant docketed the Judgement against the Plaintiff which created a lien against the Plaintiff's Property within the definition of Code § 362(a)(4).

27. Said action to create the lien against the Plaintiff's Property is void as it occurred after the automatic stay took effect and, therefore, was in violation of Code § 362(a)(4) and subject to avoidance.

WHEREFORE, the Plaintiff Debtor and Debtor-in-Possession demands judgment (1) avoiding the Defendant's Judgment lien pursuant to Code § 549(a); (2) avoiding the Defendant's Judgment lien pursuant to Code § 362 (a)(4); and (3) for such other and further relief as the Court deems appropriate.

Dated: White Plains, New York
June 30, 2017

                REICH REICH & REICH, P.C.
                Attorneys for the Debtor
                Second Southern Baptist Church
                of New York

By:  /s/Lawrence R. Reich
       Lawrence R. Reich
       235 Main Street, Suite 450
       White Plains, NY 10601
       (914) 949-2126